ALVARO MORALES CORDERO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, recurrida.

Número: 608      Resuelto: 26 de junio de 1963

*Guillermo Bird Martínez,* abogado del recurrente; *Carmen Ana Archeval,* abogada del Fondo del Seguro del Estado.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

De acuerdo con la prueba documental presentada por el recurrente durante la vista ante la Comisión Industrial copia de una carta de 29 de marzo de 1961,—Exhibit 1 del recurrente, sin objeción—un hijo del recurrente, José Morales, por encargo de su padre habló por teléfono, en los primeros días del mes de enero de 1961, en las oficinas del Fondo, con el inspector del Fondo que suele ir a Vieques, para solicitar el reajuste de la póliza número 09403 del recurrente, por haber traspasado dicho recurrente el día 31 de diciembre de 1960, ciertos negocios incluidos en la póliza designados como "agricultura de caña", "exportación de embarcaciones" y "tiendas al por mayor"; que posteriormente el recurrente se había enterado que el inspector estuvo en Vieques, pero al no poder localizar al recurrente, se había marchado; que el recurrente siguió esperando que volviera el inspector, pero en vista que hasta la fecha de la carta no había recibido la visita de ningún funcionario, acompañaba los detalles necesarios al reajuste para dejar así terminado el asunto. De acuerdo con la liquidación sometida por el recurrente,—exhibit 2 del recurrente sin objeción—después de satisfacer el segundo semestre del año industrial 1960–61, el recurrente todavía tendría un sobrante de $28.19. Del mismo exhibit consta que la caña cubierta por la póliza en vigor durante el primer semestre había sido vendida y la finca arrendada al señor Ricardo López y los otros dos negocios traspasados al señor José Morales. Parece

que tanto el señor Ricardo López como el señor José Morales sacaron sus respectivas pólizas de obreros en tiempo oportuno para cubrir los riesgos del segundo semestre del año industrial 1960–61—exhibit 3 del recurrente sin objeción.

De ser esto cierto, parece que el recurrente sólo hubiera tenido que pagar seguro obrero durante el segundo semestre del año industrial 1960–61 por su negocio de "hotel" y su negocio de "yerba", según la "Notificación de Cobro de Primas de Seguro" de fecha septiembre 23, 1960 expedida por el Administrador del Fondo—que consta en el expediente. Es en uno de estos negocios donde ocurre el accidente del obrero Juan Pérez Torres, el 25 de marzo de 1961, y motiva la declaración del Fondo, que por no haber pagado el recurrente la prima del segundo semestre del año industrial 1960–61, cuando ocurre tal hecho, el recurrente era un patrono no asegurado.

La declaración de la Comisión Industrial se basa en el Párrafo 9 del Art. 25 de la Ley Núm. 45 de 18 de abril de 1935, según enmendada por la Ley Núm. 96 de 24 de junio de 1960, que dispone: "Cualquier patrono sujeto a las disposiciones de esta ley durante cualquier parte de un semestre deberá pagar las cuotas para dicho semestre completo teniendo derecho al reembolso, si lo hubiere, que se prescribe en el siguiente artículo; Disponiéndose, que en dichos casos los reembolsos podrán efectuarse a la terminación del semestre para el cual fueron pagadas dichas cuotas."

Por el contrario, el recurrente alega que a 1ro. de enero de 1961 no era un "patrono sujeto a las disposiciones de esta ley" en cuanto a los negocios que había vendido o arrendado, de acuerdo con el Párrafo 8 del Art. 25 antes citado que dispone: "Cualquier patrono que con anterioridad al primero de julio o al 1ro. de enero de cualquier año cesare de estar sujeto a las disposiciones de esta ley, podrá excusarse del pago de cuotas para el semestre o semestres siguientes, dando el aviso y prueba que exigiere el Administrador del Fondo del

Estado de que no estará sujeto a las disposiciones de esta ley."

Lo que determina si un patrono queda o no sujeto a las disposiciones de la Ley Núm. 45 de 1935, según enmendada, es que esté trabajando en un negocio o negocios en los cuales tenga que utilizar obreros. El caso cubierto por el Párrafo 8 del Art. 25 es el del patrono que se retira en su totalidad de su negocio antes de empezar a correr un nuevo semestre mientras que el caso cubierto por el Párrafo 9 del Art. 25 es el del patrono que se retira total o parcialmente de su negocio después de empezado el semestre. En el primero, el patrono no tiene que pagar ninguna cuota, y por lo tanto, no se produce ningún reembolso; en el segundo, como el patrono tiene que pagar por semestres *adelantados* si se retira después de haber empezado el semestre, se produce el reembolso pero la ley dispone que el mismo será pagado a la terminación del semestre.

Ahora bien, cuando se trata de un patrono que se retira parcialmente de sus negocios, como se trata de un caso en que hay que declarar un sobrante y ordenar un reembolso o la aplicación de un sobrante a la nueva prima reajustada, la disposición que debe aplicarse es el Párrafo 9 del Art. 25, según enmendado, o sea, el patrono debe proceder al pago de la totalidad de la prima correspondiente al semestre y esperar, en cuanto al reembolso, a la terminación del semestre y a que el traspaso de la póliza al nuevo adquirente sea hecho en debida forma, según lo dispone la Sec. 19–11 del Reglamento del Administrador del Fondo del Seguro del Estado 11 R.&R.P.R. 423.

*La resolución de la Comisión Industrial será confirmada.*